OCTOBER AND NOVEMBER TERM, Nos. 41 and 42.   OCTOBER 13, 1884.

## Lanahan *v.* Dampman *et al.*

Before a defendant can demand a stay of execution under the lenient provisions of the act of March 23, 1877, P. L., 29, he must comply with the conditions contained in section five, and pay the interest due on the debt and the interest due on prior liens.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Common Pleas of *Armstrong County.*

In the court below these were two actions of ejectment, one by J. K. Lanahan against John Dampman, David Buchanan, and Walter Weaver, for the west half of lot No. 94 in the borough of Freeport, the other by the same plaintiff against John Dampman and George Iseman, for the east half of the same lot.

[Lanahan *v.* Dampman *et al.*]

The two cases were tried together, and on the trial before NEALE, P. J., the following facts appeared :

The title to the lot in dispute was admitted to have vested in Louis Drummerhausen by various conveyances, the last of which bore date June 14, 1872. On March 2, 1874, Conrad Bender entered judgment against Louis Drummerhausen, in the Armstrong county common pleas, for $2,100, interest from February 11, 1877, waiver of inquisition and all exemption laws, upon which a *fi. fa.* was issued July 18, 1878, an inquest summoned by the sheriff in pursuance of the act of 23d March, 1877, entitled "An act to regulate stay of execution in certain cases," and lot No. 94, which had been levied upon on July 23, 1878, was valued and appraised at $5,250. The writ was stayed on application August 30, 1878, till September 2, 1878 ; and on September 4, 1878, the lot was sold by the sheriff to John Dampman for $2,500. The sheriff's deed to Dampman was presented in court for acknowledgment on September 11, 1878 ; objection made thereto, and the acknowledgment was held over. Exceptions were filed September 14, 1878, *inter alia*, as follows : "Fourth. The properties sold were appraised by the sheriff and his jury, called thereon, at the sum of $5,250, and were struck down at the sum of $2,500, not two thirds of said appraisement."

September 18, 1878, the deed was again presented in court and the acknowledgment taken. The following indorsements appear on the deed :

"September 11. Presented in open court and held over.
                                BY THE COURT.
September 18, 1878. No exceptions filed and confirmed.
                                BY THE COURT."

On September 25, 1878, on petition of Drummerhausen, a rule was granted to show cause why the acknowledgment of the sheriff's deed should not be vacated. From the testimony taken thereunder, it did not appear that Drummerhausen had complied with the condition of the fifth section of the act of 23d March, 1877, which requires that before any one shall be entitled to the stay of execution he shall pay the interest due on the debt and the interest due on prior liens ; and on hearing, the rule was discharged.

Louis Drummerhausen and wife afterwards, November 13, 1880, executed to J. K. Lanahan, the plaintiff in the ejectment suits, a deed for the same premises described in the sheriff's deed to Dampman.

The plaintiff presented the following point :

[Lanahan *v.* Dampman *et al.*]

"If the jury find from the evidence that the sheriff made his levy on the property in controversy, July 23, 1878, and held an inquisition thereon July 29, 1878, and that said inquisition valued and appraised said property to be of the value of $5,250, and that the sheriff sold the same on the 4th day of September, 1878, for the sum of $2,500, or a sum less than two thirds of the appraised value; then such sale was without authority of law, and the sheriff's deed given in evidence by the defendants conveys no title to the purchaser, and their verdict must be for the plaintiff."

Refused. (Second assignment of error.)

The Court charged the jury, *inter alia,* as follows:

"The deed having been delivered to the present defendant, John Dampman, we hold that it carries a paramount title to that of the plaintiff, and, therefore, your verdict should be in favor of the defendant."

(Fourth assignment of error.)

Verdict for defendants and judgment thereon; whereupon, plaintiff took these writs, assigning for error, *inter alia,* the refusal of his point and the portion of the charge of the Court given above.

*David Barclay* for plaintiff in error.

The levy, appraisement, and valuation and sale were all under the act of 23d March, 1877.

Section 1 of that act directed thus: "And in case any writ of *venditioni exponas* or other writ shall issue, for the sale of such lands, tenements, or hereditaments, and the same cannot be sold at public vendue or outcry for two thirds or more of such valuation or appraisement, that then and in such case the sheriff or coroner shall not make sale of the premises, but shall make return of the same according to the Court from which the execution issued: P. L., 1877, page 29.

In utter disregard to the law the sheriff made the sale for less than half the valuation by the inquest, and returned the lots sold at $2,500. This he had no authority to do. His act, in selling, was in defiance of the law, and the sale was void: Gardner *v.* Sisk, 4 P. F. Smith, 506; Shields *v.* Wiltenberger, 2 H., 78; McFee *v.* Harris, 1 C., 102; Shoemaker *v.* Ballard, 3 H., 94; Snyder *v.* Christ, 3 W., 499.

*McCain & Leason* for defendants in error.

The fifth section of the act of 23d of March, 1877, Purdon's Digest, page 2118, requires the defendant, before

[Landis *et ux. v.* Torney.]

he shall be entitled to the stay of execution on real estate given by said act, to pay the interest due on the debt and interest due upon prior liens, &c. L. Drummerhausen did not fulfill these conditions, hence he was not entitled to the stay provided by the statute, and the sheriff had authority of law to sell, and the title of L. Drummerhausen was divested.

The subject of the second assignment of error had been fully heard and adjudicated on the rule to vacate the acknowledgment of the sheriff's deed, and was certainly *res adjudicata.*

OCTOBER 27TH, 1884.—PER CURIAM: The plaintiff in error demands a stay of execution under the act of 23d March, 1877, Purdon's Digest, 2118, without complying with the conditions on which a stay is granted. The act, *inter alia,* declares "before any person shall be entitled to a stay of execution on real estate levied upon, he shall pay the interest due on the debt, and the interest due upon prior liens thereon." This he did not do. He, therefore, had no right to invoke the lenient provisions of the act.

Judgment affirmed.